UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JOYCE ALEXANDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHSIDE AUTO SALES II, )<br>)<br>Defendant. ) | Civil Action No. 3:22-CV-244-CHB<br><br>**MEMORANDUM OPINION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Joyce Alexander, proceeding *pro se*, filed this action on May 4, 2022 asserting diversity jurisdiction. [R. 1, pp. 1, 3]. Having determined that the Court lacks subject matter jurisdiction, the action will be dismissed.

**I.**

Plaintiff filed her Complaint on the Court's standard form, naming Southside Auto Sales II as the Defendant and asserting subject-matter jurisdiction on the basis of diversity of citizenship. *Id.* She provides that she is a citizen of Kentucky; that Defendant is incorporated under the laws of and has its principal place of business in Kentucky; and that the amount in controversy is $9,000. *Id.* at 3–4. In the "Statement of Claim" section of the Complaint form, Plaintiff alleges, "Toke car why I was sleep no note was due," *id.* at 4, and in the "Relief" section, she indicates, "eLegal to take my car." *Id.* at 5.

**II.**

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled

allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure commands, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Plaintiff has not met her burden of establishing this Court's subject-matter jurisdiction. The diversity-jurisdiction statute upon which Plaintiff relies provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]" 28 U.S.C. § 1332(a). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, Plaintiff indicates that both she and Defendant are citizens of Kentucky, and she does not allege facts to support an amount in controversy over $75,000.

Further, Plaintiff fails to establish federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Michigan S. R.R. v. Branch & St. Joseph Cntys. Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002). Plaintiff cites no facts to support a claim for the violation of her constitutional rights or any other federal cause of action.

### III.

For these reasons, the Court will dismiss this action by separate Order for lack of subject-matter jurisdiction.

This the 11th day of October, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
     Counsel of record
A958.005